# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

GASUMU KAMARA,

        Petitioner,    :    Case No. 2:21-cv-2029

 - vs -    Chief Judge Algenon L. Marbley
    Magistrate Judge Michael R. Merz

WARDEN,
 London Correctional Institution,

    :

    Respondent.

## DECISION AND ORDER

This is a habeas corpus case brought *pro se* by Petitioner Gasumu Kamara pursuant to 28 U.S.C. § 2254. The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in this District (Transfer Order, ECF No. 15).

The case is before the Court on Petitioner's Motion to Stay (ECF No. 7) and his first Motion to Amend[1] (ECF No. 8).

**Motion to Amend**

Petitioner's first Motion to Amend was filed and served electronically on Respondent on August 10, 2021. As Respondent notes in the Return of Writ, Respondent was not asked to consent

---

[1] Petitioner has withdrawn his second Motion to Amend, ECF No. 12.

1

to the amendment and in fact does not consent (ECF No. 10, PageID 893). Motions to amend habeas corpus petitions are governed by 28 U.S.C. § 2242 which incorporates by reference the standards of Fed.R.Civ.P. 15. Under Rule 15(a)(1)(B), a pleading may be amended once as a matter of course (*i.e.*, without consent of the opposing party or court permission) within twenty-one days after a responsive pleading is filed if one is required. In this case the Court ordered the filing of a return of writ, which is the responsive pleading to a habeas petition, and set a deadline of August 24, 2021 (ECF No. 6). Therefore, Petitioner's first Motion to Amend was technically unnecessary, but is nonetheless granted.

In order to avoid confusion in future filings, Petitioner's grounds for relief are re-numbered as follows:

> **Ground One**: Appellant's right to a fair trial was violated by the trial court decision to allow the State to use other act bad evidence violating the Petitioner's 14th Amendment right to due process.
>
> **Ground Two**: Petitioner's Due Process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution were violated as evidence was insufficient to support Identify [sic] Fraud.
>
> **Ground Three**: The Third District Appellate Court violated the Petitioner's 5th, 6th and Fourteenth Amendment rights to the U.S. Constitution by violating the Petitioner's due process, double jeopardy and jury trial rights.
>
> **Ground Four**: The trial court erred in failing to merge the tampering with evidence charge with the possession of cocaine charge. This violates the Double Jeopardy, Clause of the United States Constitution and violates the Fifth and Fourteenth Amendments to the United States Constitution.
>
> **Ground Five**: Counsel failed to request a merger of the possession of cocaine charge resulting in ineffective assistance of counsel violating the petitioner's Sixth and Fourteenth Amendment Rights to the United States Constitution.
>
> **Ground Six**: The State failed to prove the petitioner was trafficking in crack cocaine. The conviction violated the Petitioner's right to

due process found in the Fifth and Fourteenth Amendments to the United States Constitution.

**Ground Seven**: The State failed to prove the (Appellant) Petitioner was trafficking in powder cocaine. This violates the Petitioners right to due process found in the Fifth and Fourteenth Amendments to the United States Constitution.

**Ground Eight**: The State failed to prove the (Appellant) Petitioner knowingly possessed cocaine. This violates the Petitioners right to due process found in the Fifth and Fourteenth Amendment to the United States Constitution.

**Ground Nine**: The State knowingly and intentionally misled the jury into believing the Appellant Petition sold crack and powder cocaine. This violated the Appellant's right to due process and a fair trial found in the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

**Ground Ten**: Trial counsel was ineffective for allowing the State to put forth untrue assertions thus failing to preserve these errors by failing to object. This violated the Petitioners right to the effective assistance of counsel and a fair trial also due process. This violated the Petitioner's Fifth, Sixth, and Fourteenth Amendment rights to the United States Constitution.

**Ground Eleven**: Counsel was ineffective for allowing an all white jury pool when the defendant was black being tried for a crack cocaine charge in a rural county. This violated the Petitioner right to effective assistance of counsel, a fair trial, and due process found in the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

References to grounds for relief in future filings must conform to this re-numbering to avoid confusion.

**Motions to Stay**

Petitioner has two pending Motions to Stay, one filed with the Petition on April 26, 2101 (ECF No. 2) and one filed August 10, 2101, with the first Motion to Amend (ECF No. 7). In April Petitioner had a pending motion for delayed in the Ohio Third District Court of Appeals. He expected that delayed appeal to be granted and posited that that would enable him to add to his Petition the claims he intended to make in the delayed appeal. *Id.* at PageID 17.

By the time of the second Motion to Stay in August, 2021, the Third District had granted delayed appeal, counsel had been appointed, and Appellant's Brief had been filed on July 27, 2021. (ECF No. 7, PageID 26). Petitioner represents that the Grounds for Relief added by amendment (Grounds Four through Eleven as re-numbered above) are presented in his delayed appeal and not yet exhausted. *Id.* He asks these proceedings be stayed until the Third District has decided his case or, if the appeal is unsuccessful, until the Supreme Court of Ohio has decided an appeal. *Id.*

In the Return of Writ, the Warden acknowledges that the appeal from re-sentencing is not final by noting that the State's brief was due September 15, 2021 (ECF No. 10, PageID 890). The Warden further acknowledges that the claims added by amendment (Grounds Four through Eleven) are substantially the same as the eight assignments of error raised in Kamara's delayed appeal from re-sentencing. *Id.* at PageID 918, referencing Appellant's Brief (State Court Record, ECF No. 9, Ex. 19). Conceding that these grounds are unexhausted, Respondent argues

> [T]he Ohio Court of Appeals will almost certainly hold that claims of insufficiency of evidence, ineffective assistance of counsel based on the record of trial, prosecutorial misconduct based on the record of trial, and a challenge to the jury pool, are barred by res judicata. All these grounds could have been, and should have been, litigated on direct review. Thus, res judicata will preclude consideration of amended habeas grounds three through eight [six through eleven as re-numbered].

4

> Likewise, amended habeas grounds one and two [four and five as renumbered] will fail to gain traction in the state courts.

(ECF No. 10, PageID 919).

Respondent projects the added grounds "will not detain the Ohio courts for very long. The Ohio courts are unlikely to allow Kamara to use a resentencing appeal to bring in by the bootstraps a cascade of claims that should have been raised on direct appeal and that are frivolous on the facts of record." *Id.* at PageID 920. If the amended grounds are added, the Warden argues, the Court will have to dismiss the entire Petition as a "mixed petition" of exhausted and unexhausted claims under *Rose v. Lundy,* 455 U.S. 509 (1982). *Id.* at PageID 920. There is no basis for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), because "Kamara's proceeding in his appeal of the resentencing has all the indications of a dilatory tactic that will not succeed." *Id.* On that basis, the Warden opposes a stay.

The Magistrate Judge disagrees with Respondent. District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. *Rhines v. Weber*, 544 U.S. 269 (2005). However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the

5

> petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278. "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings." *Id*.

While *Rhines* did not expressly overrule *Rose v. Lundy*, the quoted text shows that the Supreme Court anticipated it would be applied to mixed petitions, *i.e.*, those containing both exhausted and unexhausted claims. The reason why change was needed is the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") between the two decisions. At the time *Rose v. Lundy* was handed down, there was not statute of limitations for habeas cases and no bar on second or successive applications. Thus the effect of a dismissal under *Rose* was to allow the petitioner to return to federal court when his or her claims were exhausted. That is no longer true. In fact, even the pendency of a habeas petition does not toll the statute of limitations. *Duncan v. Walker,* 533 U.S. 167 (2001).

Respondent expresses concern that seeking a stay is a dilatory tactic on Petitioner's part. Use of a stay as a dilatory tactic – a use the Supreme Court recognized in *Rhines* – seems to fir best with capital cases. A capital habeas petitioner of course has a dilatory motive, to prevent as long as possible his or her own execution. But the same motive does not apply to non-capital petitioners whose goal is release from imprisonment. If they believe in the efficacy of the habeas remedy, then presumably they would want that remedy to be granted as soon as possible.

Nonetheless, the Magistrate Judge confesses to having seen a great many motions for stay in non-capital habeas cases, including in cases where the prospect of success in state court proceedings seems very remote. It is almost as if moving for a stay has become a fashion among jailhouse lawyers.

6

In this particular case, the interests of finality and judicial economy weigh in favor of a stay. Petitioner's appeal on re-sentencing is ripe or nearly ripe. If the Third District decides as Respondent projects they will and if Petitioner is unsuccessful in obtaining Supreme Court of Ohio review, the Petition as amended will be ripe for decision in fairly short order. On the other hand, dismissal of the unexhausted claims now would almost certainly lead to Petitioner's attempt to obtain circuit court permission to file a second or successive petition. This latter process of course consumes the time of three circuit judges, time which is, we must acknowledge, scarcer and therefore more precious than the time of Magistrate Judges[2].

The interests of both state and federal courts in comity weigh in favor of a stay. The Third District Court of Appeals had an occasion to weigh whether the appeal would be frivolous when considering whether to allow it on a delayed basis and nevertheless permitted Petitioner to proceed. Sixth Circuit precedent requires that, in the absence of exceptional or unusual circumstances, principles of comity and federalism require that unexhausted claims be decided in the first instance by the state courts even if the State does not raise the defense. *O'Guinn v. Dutton*, 88 F.3d 1409 (6th Cir. 1996) (*per curiam*) (*en banc*).

Accordingly, proceedings herein are STAYED pending the outcome of Petitioner's pending delayed appeal and any further proceedings in the Supreme Court of Ohio. Respondent shall file a status report of the state court proceedings not later than November 1, 2021, and thereafter whenever significant events occur in those proceedings. The Court contemplates that when the stay is lifted, it will provide Respondent with an opportunity to file an amended return of writ and a supplemental State Court Record. Petitioner will then have an opportunity to file a reply/traverse which will render the case ripe for decision.

---

[2] This Magistrate Judge is unaware of any law and economics research confirming this hypothesis. Doubters, however, can ask any circuit judge with whom they may be acquainted.

September 21, 2021.

s/ *Michael R. Merz*  
United States Magistrate Judge